OPINION OF THE COURT
Jerome C. Gorski, J.
This case comes to this court by way of CPLR 3222 wherein the parties have stipulated to a set of admitted facts that have been attached hereto. This is a trust diversion action and the question before the court is whether the Aetna Casualty & Surety Co. (Aetna), acting as surety to Suburban Excavators, Inc. (Suburban), must pay Lake Steel Equipment Rental, Inc. (Lake Steel), for the services and material it provided in 1974 *907 as a subcontractor for Northwestern Bridge, Inc., a subcontractor of Suburban.
Lake Steel argues that even though their mechanic’s lien was deemed to be void (Tri-City Elec. Co. v People, 96 AD2d 146), that as surety, Aetna has an ongoing obligation to pay for labor and material used for the project before it can be reimbursed for its own expenditures in completing the project. In the above-referenced Appellate Division decision, it was found that Lake Steel was a trust beneficiary under article 3-A of the Lien Law.
It is Aetna’s contention that the trust does not exist because all such possible trust assets that Lake Steel has rights to, have been exhausted. In fact, Aetna has paid out $3,523,029.40 to its surety bond claimants under its payment bond and only received $2,546,653.34, as compensation for the completed project. (The stipulated facts make it clear that all moneys paid by Aetna, except for attorneys’ fees, were paid to subcontractors or suppliers who had furnished work or materials on the project.) Therefore, because Aetna has paid nearly $1,000,000 more than it received as compensation for the completed project, there are no trust funds or assets available to pay Lake Steel.
The Appellate Division, in its earlier decision, directed the Supreme Court to determine if there is a trust for the payment of Lake Steel’s claims and, if so, the amount of the fund, if any, available for payment due to Lake Steel.
A surety has a dual obligation under its surety bond in all public improvement projects. It is obligated to the owner of the project (the New York State Department of Transportation, hereafter DOT) to complete the project in accordance with the contract specifics and it is obligated to its principal (Suburban) to finance the completion of the contracted work. Aetna, by its surety bond, becomes subrogated to the rights of the principal (Suburban) under Lien Law § 70 (6), and subrogated to the rights of the owner (DOT) to complete and finance the contracted project and receive the contracted compensation under Lien Law § 70 (5). A surety who performs under its bond upon a contractor’s default has an equitable lien upon the funds held by the owner, and this lien arises upon the execution of the bond, although it does not become enforceable until the surety suffers a loss by making payments pursuant to the bond. (United States Fid. & Guar. Co. v Triborough Bridge Auth., 297 NY 31; Aetna Cas. & Sur. Co. v United States, 4 NY2d 639.)
*908 With regard to Lake Steel’s claim, the stipulated facts reveal that Lake Steel rendered services to Northeastern Bridge, Inc., which was a subcontractor of Suburban and the work and materials were provided prior to the surety becoming obligated under its bond to perform. At that point, Aetna, as surety, was subrogated to the rights of its principal, Suburban, for any funds receivable by Suburban, and any rights of action for payment under the contract. (Lien Law § 70 [6].) As surety, Aetna’s primary responsibility was to complete and finance completion of the contracted project and in undertaking that responsibility, Aetna’s costs exceeded the compensation it received from the owner of the project (DOT), by nearly $1,000,000. Suburban, as the contractor who began the project, has no rights of action against the project owner (DOT) unless there were funds in excess of those expended to complete the project, i.e., profits. Since there were no such funds, there are no funds with which Aetna can establish a trust for the benefit of those claimants who were owed money because of their prior relationship with Suburban. Aetna, as surety for Suburban, has no greater rights or obligations than its principal, Suburban. Since the contractor (Suburban) has no right of action to any funds, there are no funds from which the claim of Lake Steel can be satisfied. (See, Aetna Cas. & Sur. Co. v United States, supra, at 645.)
Because of the foregoing, Lake Steel’s claim for payment on the basis that it is a trust beneficiary, is hereby dismissed, as no trust exists that is liable for payment to Lake Steel.